UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00386-JCM-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| vs. | |
| LOG CABIN PONDEROSA  HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. *See, e.g.*, Fed. R. Civ. P. 12(h)(3).  "Even if the defendants concede jurisdiction, the district court may still conclude that some further showing of citizenship may be required to confirm its jurisdiction." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014) (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (*per curiam*)).  When parties invoke the Court's diversity jurisdiction, they must establish that, *inter alia*, each plaintiff is a citizen of a different state than each defendant. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).  In conducting that analysis, a limited liability corporation is deemed a citizen of every state in which its members are citizens.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)  (holding that "an LLC is a citizen of every state of which its owners/members are citizens").

Pending before the Court is an order to show cause regarding subject matter jurisdiction and, more particularly, the citizenship of Defendant TRP Fund V, LLC, and its members.  Docket No. 25.[1] TRP Fund V thereafter filed an amended certificate of interested parties identifying its membership of a chain of limited liability companies with the managing members of the apex entities being Alexander Phillips and Michael Meyers, who were described as "residents" of California.  Docket No. 28 at 2.  This filing was deficient in several ways, including that the pertinent test for diversity purposes is citizenship, and not residency, and the showing was not made based on personal knowledge and specific to the relevant time frame.  Docket No. 29 at 2-3.  As a result, on May 11, 2016, the Court entered a further order providing "one further opportunity" for TRP Fund V to file a declaration sufficient to provide a basis for the Court to analyze whether subject jurisdiction exists in this case.  *See id.* at 3.[2]  TRP Fund V was expressly advised to consult relevant legal authority and ensure that the further showing would be sufficient.  *See id.*  That further showing was required by May 17, 2016, and all parties were further ordered to show cause by May 24, 2016, why the case should not be dismissed for lack of subject matter jurisdiction.  *Id.*

The only response the Court received to that order was a further certificate of interested parties filed by TRP Fund V that incorporates an affidavit from Mr. Phillips.  Docket No. 31.  As already explained by the Court, however, this latest showing is insufficient because it continues to address the "residency" of members rather than their citizenship.  *Compare* Docket No. 29 at 3 (court order stating "the pertinent inquiry is the 'citizenship' of the parties, not their residency, and citizenship and residency are not necessarily overlapping.  *See, e.g.*, *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001).") *with* Docket No. 31 at ¶¶ 5, 6 (stating that Mr. Philips and Mr. Meyers are "resident[s] of and live[] in the State of California").[3]  In addition, the latest submission does not include any declaration

---

[1] A separate order to show cause was issued regarding Defendants' certificate of interested parties, Docket No. 26, which the Court will address through a separate order issued concurrently herewith.

[2] Because the Court directly ordered the filing of the pertinent information, it denied the request for jurisdictional discovery as duplicative.  *See* Docket No. 29 at 3 n.2.

[3] The latest filing actually cites to *Kanter*, Docket No. 31 at 2, but still continues to address residency rather than citizenship.

2

1  from Mr. Meyers, nor provide an explanation as to the basis of Mr. Philips' apparent knowledge of Mr.

2  Meyers' citizenship.[4]

3       In short, the Court has already provided two opportunities for Defendant to submit the basic

4  information required for the Court to determine whether it has subject matter jurisdiction in this case.

5  Defendant has been either unable or unwilling to submit such information to the Court. "At some point

6  the train of opportunities ends." *America's Best Inns*, 980 F.2d at 1074.[5]  Accordingly, the undersigned

7  **RECOMMENDS** that this case be dismissed for lack of subject matter jurisdiction without prejudice

8  to the refiling of this case in state court, unless Defendant files declarations from both Mr. Meyers and

9  Mr. Philips based on personal knowledge as to their state of citizenship by June 16, 2016.

10       DATED: June 2, 2016

11

12                      NANCY J. KOPPE
                    United States Magistrate Judge

13

14                              **NOTICE**

15       Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in

16  writing and filed with the Clerk of the Court within (14) days after service of this Notice. The

17  Supreme Court has held that the courts of appeal may determine that an appeal has been waived due

18  to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985),

19  *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections

20  within the specified time and (2) failure to properly address and brief the objectionable issues waives

21  the right to appeal the District Court's order and/or appeal factual issues from the order of the

22

23  ————————————

24     [4] A person's citizenship turns on their intent to make a certain state their home. *See, e.g., Kanter*,
265 F.3d at 857.  No explanation is provided how Mr. Philips knows the intent of Mr. Meyers.

25

26     [5] As the Court noted previously, the complaint only explicitly invokes diversity jurisdiction even
though Plaintiff relies in part on arguments arising out of the United States Constitution.  Given those

27  circumstances, the Court invited the parties to explain the basis for finding federal question jurisdiction
exists in this case if they believed there was such a basis.  *See* Docket No. 25 at 2 n.2 (citing *Rains v.*

28  *Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)).  No such showing has been made.

1    District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United*

2    *Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).