**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00386-JCM-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| LOG CABIN PONDEROSA HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Pending before the Court is the undersigned's report and recommendation that the case be dismissed without prejudice given the refusal of Defendant TRP Fund V, LLC to submit the information required by multiple court orders so that the court can evaluate subject matter jurisdiction. Docket No. 43. TRP Fund V has made a strategic decision to refuse to comply with the Court's orders because it would prefer to litigate this case in state court and it does not believe that it should be required to comply with the Court's orders. *See, e.g.*, Docket No. 46 at 3-4.[1] The undersigned is considering withdrawing or amending that report and recommendation. *See, e.g.*, *Frye v. San Quentin State Prison*, 2015 WL

---

[1] TRP Fund V places significant import on the fact that a plaintiff generally has the burden of establishing subject matter jurisdiction. When a defendant appears without contesting jurisdiction, as TRP Fund V did in this case, the Ninth Circuit has made it clear that courts may obtain the relevant information themselves because they have an obligation to ensure subject matter jurisdiction. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014) ("Even if the defendants concede jurisdiction, the district court may still conclude that some further showing of citizenship may be required to confirm its jurisdiction"). Even more significantly, a party is not free to disobey a court order simply because it disagrees with it. *See Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979); *see also Gfeller v. Doyne Med. Clinic, Inc.*, 2015 WL 5210392, *8 (D. Nev. Sept. 3, 2015) ("Orders are not suggestions or recommendations, they are directives with which compliance is mandatory").

7258946, *5 (E.D. Cal. Nov. 17, 2015) (magistrate judges are empowered to withdraw or amend reports and recommendations to address new arguments or evidence offered in objections or responses thereto). As such, the undersigned hereby **SUSPENDS** the pending report and recommendation, and **SETS** a hearing for 10:00 a.m. on August 2, 2016, in Courtroom 3D.  Attorneys must be present for each party. In addition, both Alexander Phillips and Michael Meyers are **ORDERED** to appear in person.  Mr. Phillips and Mr. Meyers shall be prepared to address their state of citizenship.  **The failure of Mr. Phillips, Mr. Meyers, and/or their attorney (John Henry Wright) to appear for the hearing may subject them to significant sanctions and may result in the institution of contempt proceedings against them.**

All counsel shall also be prepared to discuss the proper remedy for the current situation, including (1) maintaining the recommendation that this case be dismissed for lack of subject matter jurisdiction without prejudice to its refiling in state court, (2) maintaining that recommendation but also imposing sanctions against Mr. Phillips, Mr. Meyers, and their counsel jointly and severally in the full amount of attorneys' fees and costs reasonably incurred by Plaintiff to date in this action,[2] (3) recommending entry of default judgment against TRP Fund V, LLC, and/or (4) imposing court fines of up to $5,000 on Mr. Phillips, Mr. Meyers, and their counsel each for willfully failing to comply with multiple court orders.

IT IS SO ORDERED.

DATED: July 18, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Even when a federal court concludes that it lacks subject matter jurisdiction over an action, it retains the authority to impose sanctions for the conduct in the case. *See, e.g.*, *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1303 (9th Cir. 1990).